## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

| | |
|---|---|
| JEROME FORD,<br><br>            Plaintiff,<br><br>vs.<br><br>CREDIT CONTROL SERVICES, INC. D/B/A CREDIT COLLECTION SERVICES,<br><br>            Defendant. | Civil Action No. 21-CV-60598 |

### DEFENDANT CREDIT CONTROL SERVICES, INC. D/B/A CREDIT COLLECTION SERVICES' ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

AND NOW comes Defendant Credit Control Services, Inc., d/b/a Credit Collection Services ("CCS"), by and through its undersigned counsel, Gordon Rees Scully Mansukhani, LLP, and hereby answers the Complaint brought by Plaintiff, Jerome Ford ("Plaintiff"). In support thereof, CCS avers as follows:

### ANSWER TO JURISDICTION AND VENUE

1. Denied. CCS denies the allegations in this paragraph as they constitute conclusions of law. CCS refers all questions of law to the Court.

2. Denied. CCS denies the allegations in this paragraph as they constitute of conclusions of law. CCS refers all questions of law to the Court.

3. Denied. CCS denies the allegations in this paragraph as they constitute of conclusions of law. CCS refers all questions of law to the Court.

4. Denied. CCS denies the allegations in this paragraph as they constitute of conclusions of law. CCS refers all questions of law to the Court.

## ANSWER TO PARTIES

5. Admitted in part and denied in part. Upon information and belief, CCS admits that Plaintiff is a natural person. CCS lacks knowledge or information sufficient to form a belief as to the remaining allegations, and denies them accordingly.

6. Admitted.

## ANSWER TO DEMAND FOR JURY TRIAL

7. Admitted in part and denied in part. CCS admits that Plaintiff seeks a trial by jury on all claims set forth in his Complaint. CCS denies that Plaintiff is entitled to same in the absence of setting forth any viable claims.

## ANSWER TO FACTUAL ALLEGATIONS

8. Denied. CCS lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. As such, the allegations are denied.

9. Admitted in part and denied in part. CCS admits that Quest Diagnostics ("Quest") provided medical services to Plaintiff on February 19, 2019. CCS lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph. As such, the allegations are denied.

10. Denied. CCS lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. As such, the allegations are denied.

11. Denied. CCS lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. As such, the allegations are denied.

12. Denied. CCS lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and denies same. CCS leaves Plaintiff to his proofs.

13. Denied. CCS lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and denies same. CCS leaves Plaintiff to his proofs.

14. Denied. CCS lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and denies same. CCS leaves Plaintiff to his proofs.

15. Denied. CCS lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and denies same. CCS leaves Plaintiff to his proofs.

16. Admitted in part and denied in part. CCS admits that Plaintiff's valid and delinquent debt obligation was placed with CCS for collection. Unless otherwise admitted, the allegations in this paragraph are denied.

17. Admitted in part and denied in part. CCS admits that it attempted to collect Plaintiff's valid and delinquent debt obligation. Unless otherwise admitted, the allegations in this paragraph are denied.

18. Admitted in part and denied in part. CCS admits that, at times, it engages in the practice of collecting debts owed to others. Unless otherwise admitted, the allegations in this paragraph are denied.

19. Admitted in part and denied in part. CCS admits that, at times, it engages in the practice of collecting debts owed to others. Unless otherwise admitted, the allegations in this paragraph are denied.

20. Admitted in part and denied in part. CCS admits that, at times, it engages in the practice of collecting debts owed to others. Unless otherwise admitted, the allegations in this paragraph are denied.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Denied. CCS denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court.

26. Denied. CCS denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court.

27. Denied. CCS denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court.

28. Admitted in part and denied in part. CCS admits that it sent Plaintiff a letter dated March 9, 2020. CCS denies any attempt by Plaintiff to characterize the letter, as it is a writing that speaks for itself.

29. Admitted.

30. Denied. CCS denies the allegations in this paragraph and leaves Plaintiff to his proofs.

31. Denied. CCS denies the allegations in this paragraph and leaves Plaintiff to his proofs.

**ANSWER TO COUNT I**
**VIOLATION OF 15 U.S.C. §1692e(2)(A)**

32. No response is required to the allegations in this paragraph as Plaintiff merely incorporates prior paragraphs by reference. To the extent that a response is deemed necessary, CCS incorporates its responses to Paragraphs 1 through 31 as though fully set for herein at length.

33. Denied. CCS denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court.

34. Denied. CCS denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court.

35. Denied. CCS denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court.

36. Denied. CCS denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court.

37. Admitted in part and denied in part. CCS admits that it sent Plaintiff the letter dated March 9, 2020. Unless otherwise admitted, the allegations in this paragraph are denied.

38. Denied. CCS denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court.

39. Denied. CCS denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court.

40. Denied. CCS denies the allegations in this paragraph as they call for conclusions of law. CCS refers all questions of law to the Court.

41. CCS denies the allegations in Plaintiff's "WHEREFORE" clause. Specifically, CCS denies that Plaintiff's Prayer for Relief is appropriate in the absence of setting forth any viable claims.

## ANSWER TO DEMAND FOR JUDGMENT RELIEF

Admitted in part and denied in part. CCS admits that Plaintiff requests a variety of damages, attorney's fees, and costs for the allegedly violative conduct of CCS. As CCS denies engaging in any such conduct, or violating any law, CCS denies that Plaintiff is entitled to any relief in the absence of setting forth any viable claims.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to plead a claim against CCS upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

CCS' conduct with respect to Plaintiff did not violate the FDCPA. CCS did make any false representations as to the character, amount or legal status of

Plaintiff's debt. Therefore, Plaintiff fails to state a claim under 1692e of the FDCPA, and the Complaint should be dismissed or withdrawn.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages that reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

At all times, the conduct of CCS complied with all applicable statutes, regulations and laws. Accordingly, the Complaint and each purported cause of action alleged therein against CCS is barred.

### FIFTH AFFIRMATIVE DEFENSE

Even if CCS violated the FDCPA, which is denied, Plaintiff did not incur any plausible damages as a result of his reading of CCS' collection letter. Therefore, Plaintiff lacks standing to assert FDCPA claims against CCS.

### SIXTH AFFIRMATIVE DEFENSE

Any purported damages claimed by Plaintiff, which CCS denies, were due to the affirmative actions and/or omission of Plaintiff or others and does not give rise to any claim of damages against CCS.

**SEVENTH AFFIRMATIVE DEFENSE**

Any violation of the law claimed by Plaintiff, which CCS denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of CCS.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff failed to show that CCS violated the FDCPA and, therefore, is not entitled to the receipt of attorney's fees or costs.

**NINTH AFFIRMATIVE DEFENSE**

In the event the Plaintiff is able to adequately plead a violation of the FDCPA, which CCS denies, his entitlement to statutory damages is capped at $1,000 per action, not per violation.

**TENTH AFFIRMATIVE DEFENSE**

For a statement to be deemed violative of any subsection of section 1692e of the FDCPA, the statement must be both misleading and material. It must induce a consumer to act in a manner that the consumer would otherwise have not acted but for the statement. Plaintiff has not offered facts showing that the CCS collection letter to Plaintiff was misleading and/or material. Therefore, Plaintiff's claims cannot prevail as a matter of law.

**ELEVENTH AFFIRMATIVE DEFENSE**

CCS reserves the right to assert any other affirmative defenses not previously asserted in this Answer as they may arise through further investigation and discovery.

**WHEREFORE**, Defendant, Credit Control Services, Inc. d/b/a Credit Collection Services, prays that this Answer be deemed good and sufficient and that Defendant be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as may be just and equitable.

Dated:  March 24, 2021	Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

***s/ Chantel C. Wonder***
Chantel C. Wonder, Esquire
Florida Bar No. 87601
Primary: cwonder@grsm.com
Secondary: kstubbs@grsm.com
601 S. Harbour Island Blvd., Suite 109
Tampa, FL 33602
Main Office: 813-444-9700
Direct Line: 813-523-4945
Fax: 813-377-3505
*Attorney for Defendant,*
*Credit Control Services, Inc.*
*d/b/a Credit Collection Services*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2021, the foregoing document was filed via Notice of Conventional Filing pursuant to Local Rule 5.1 and 5.2, and served in accordance with the Federal Rules of Civil Procedure and/or the District's Local Rules, and/or the District's Rules on Electronic Services, upon the following parties and participants:

Jibrael S. Hindi, Esquire
Thomas J. Patti, Esquire
The Law Offices of Jibrael S. Hindi, PLLC
110 SE 6th Street, Suite 1744
Ft. Lauderdale, FL 33301
Telephone: (954) 907-1136
Email: jibrael@jibraellaw.com
tom@jibraellaw.com

Paul A. Herman, Esquire
Consumer Advocates Law Group, PLLC
4801 Linton Blvd., Suite 11A-560
Delray Beach, FL 33445
Telephone:  (561) 236-8851
Email: paul@consumeradvocatelaw.com

Joel A. Brown, Esquire
Friedman & Brown, LLC
3323 NW 55th Street
Ft. Lauderdale, FL 33309
Telephone: (954) 966-0111
Email: joel.brown@friedmanandbrown.com
*Attorneys for Plaintiff*

**GORDON REES SCULLY MANSUKHANI, LLP**

By:  **/s/Chantel C. Wonder**

1232641/57308113v.3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| JEROME FORD,<br><br>                Plaintiff,<br><br>vs.<br><br>CREDIT CONTROL SERVICES, INC. D/B/A<br>CREDIT COLLECTION SERVICES,<br><br>                Defendant. | Civil Action No. 21-CV-60598 |

**NOTICE OF CONVENTIONAL FILING**

Please take notice that the foregoing Answer and Affirmative Defenses is being filed conventionally for the following reason:

☐     A Court Order (copy attached).

☐     It cannot be converted to an electronic format.

X     A technical failure of the Court's CM/ECF website on March 24, 2021.

                            GORDON REES SCULLY MANSUKHANI, LLP

                            *s/ Chantel C. Wonder*
                            Chantel C. Wonder, Esquire
                            Florida Bar No. 87601
                            Primary: cwonder@grsm.com
                            Secondary: kstubbs@grsm.com
                            601 S. Harbour Island Blvd., Suite 109
                            Tampa, FL 33602
                            Main Office: 813-444-9700
                            Direct Line: 813-523-4945
                            Fax: 813-377-3505
                            *Attorney for Defendant,*
                            *Credit Control Services, Inc.*
                            *d/b/a Credit Collection Services*